WILLIAM HUNTER, BARTHOLOMEW WHALEN, and JAMES WHALEN, plaintiffs in error *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Edgar.*

Where A, B, C, and D were jointly indicted in the Edgar Circuit Court, and A alone moved for and obtained a change of venue to the Clark Circuit Court, without the consent of the others, where he was tried; and after his trial the indictment, without any order of Court, was returned to the Edgar Circuit Court, and B, C, and D called upon to plead to the same: *Held* that the pro-

(1) R. L. 489; Gale's Stat. 531.

ceedings were regular, and that the indictment as to B, C, and D, must be considered as remaining under the control of the Edgar Circuit Court, and that no trial could be had elsewhere. The Circuit Court of Clark county should have ordered the original indictment to be returned to Edgar county, and retained a copy thereof upon its own records.

O. B. FICKLIN, for the plaintiffs in error.

A. C. FRENCH, State's Attorney, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:

This case is submitted on the following agreed state of facts. The defendants were jointly indicted at the April term of the Circuit Court of Edgar county, 1837, for a *riot*. At the September term of the same year, Andrew Hunter, one of the defendants, applied for a change of venue, for himself only, which was ordered, and the indictment, together with the other papers in the cause, were transmitted to the Clark Circuit Court, where Andrew Hunter was tried at the November term, 1837. After the trial in the Clark Circuit Court, the same indictment on which Andrew Hunter was tried, was brought back to the Edgar Circuit Court, without any order of the Court therefor; and William Hunter, Bartholomew Whalen, and James Whalen were called to plead to the indictment. It is now submitted by the attorney for the People, and the counsel for the defendants, who did not join in the change of venue, whether or not the Circuit Court of Edgar county was ousted of its jurisdiction over them, by the change of venue to Clark Circuit Court.

In the case of Clark v. The People, decided in this Court in 1833,(1) it is said, "It is argued that if the venue should be changed on the application of one of several defendants indicted jointly, that it would be difficult if not impossible to try the others,—as the indictment would have to be sent to the adjoining county with the accused." The only point decided in that case, was, the right of one of several defendants indicted jointly, to a change of venue, which the Circuit Court had refused, which judgment was reversed.

It is not to be disguised that the act allowing a change of venue, in regard to criminal offences, is extremely defective; and particularly as to the disposition which shall be made of the other defendants, after a change of venue, and trial shall have been had as to one or more of them. No provision is made for the disposition of the indictment by the Court to which it is transmitted, after the change of venue is awarded, and its final action has been had on the party, who sought the change. The policy of the act, in its present shape, may well be doubted,— and however just the principles on which it has been founded, from the means it affords, there can be no doubt that it is often

(1) *Ante* 117.

resorted to, and used in many cases, for the prostration of the criminal justice of the country. Its terms are too general and indefinite,—and no corroborating facts, or the details of circumstances, to establish the truth of the cause for the change sworn to by the defendant, to sustain his belief, is required.

If he swears, in his mere belief, that any one of the causes named in the statute, exists, no matter how or by what means or information he has arrived at the conclusion,—nor how improbable or untrue it may appear, no discretion is left to the Court to determine the justice of the application. The change must be awarded.—The present case must be decided on its own merits. The Court, in its own opinion (in the case of Clark *v.* The People) merely recapitulated the arguments of counsel, without at all admitting, much less deciding, that a defendant in a case like the present, could not be properly and legally tried, notwithstanding the embarrassments suggested.

The case, in the agreement of submission, admits that the indictment was returned to the Circuit Court of Edgar, without an order; and, on looking into the record, it does not appear how the indictment was remanded or returned. The only question then to be determined under the case made, is, whether the Circuit Court of Edgar county ever lost jurisdiction of the cause, as relates to the three defendants who did not desire a change of venue.

It must be conceded that they could not be tried in the Circuit Court of Clark, to which the venue of the cause in regard to the other defendant, without their consent, was changed; and indeed it might well be questioned whether even by consent the Circuit Court of Clark could take cognizance of the case.—The indictment, for all legal purposes, must be considered as still remaining under the control of the Circuit Court of Edgar county; and no trial could be had elsewhere. The Circuit Court of Clark should have entered an order causing the indictment to be returned to the Circuit Court of Edgar, retaining a copy on its records,— but although this was not done, it does not follow that the Court of Edgar was ever ousted of its jurisdiction, as to the three other defendants; and as the indictment was returned to the Court where it was found, it is not considered important, whether it was done in pursuance of a formal order of the Clark Circuit Court, on its records, or by the direction of the Court verbally to its clerk. It was properly returned, although the law is silent as to the manner of the return.—If this is not regular and sanctioned by legal rule, public justice might be defeated in numerous instances. No injustice is done the defendants. They are deprived of no right whatever; nor is any obstacle on inconvenience created thereby.

As the statute, allowing the change of venue, is silent as to the

future disposition of the cause, after trial of those who have sought the change of venue, it might equally be said, that the Court to which the indictment is sent, has no power to remand the indictment; and if so, there would be a complete failure of justice. No principle of decision should be adopted unless it is just and reasonable in its character; and where the contrary would manifestly be the result, it ought to be avoided, unless the grounds of inevitable necessity interpose another or a modified course. It is then inconsistent with the reason, the right, and the justice of the case, that the defendants should escape a trial for the offence charged, by the act of their co-defendant, in taking the change of venue; and we can perceive no sufficient reason for arresting the judgment rendered in this cause.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See note to the case of Clark v. The People, *Ante* 121.